UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07CR266-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | (***NUNC PRO TUNC***) |
| JOHNNY JULIUS COLLIE | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property pursuant to 18 U.S.C. §924(d) as property that was involved in the crimes charged.

Defendant pled guilty to Count Three in the Bill of Indictment; and was adjudged guilty of the offense charged in that count. At sentencing, this Court orally ordered defendant to forfeit specific property as described below. Pursuant to the government's motion, this order is entered as a formal preliminary order of forfeiture reflecting the oral order at the sentencing hearing on March 4, 2009, *nunc pro tunc*.

It is therefore ORDERED, *nunc pro tunc*:

1. Based upon defendant's conviction and the sentencing hearing, the United States is authorized to seize the following property, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

> **One Ruger nine millimeter semi-automatic pistol; and,**
>
> **One Highpoint .380 semi-automatic pistol and ammunition**.

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish as required by law notice of this order and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court

within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may, as permitted by law and to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice.

    3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: March 6, 2009

Frank D. Whitney
United States District Judge